```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
RICHARD HEIDEN, M.D.,                                                :
:
                     Plaintiff,                                  :
:     20-cv-10288 (LJL)
     -v-                                                           :
:     MEMORANDUM &
NEW YORK CITY HEALTH AND HOSPITALS                                   :     ORDER
CORPORATION, PHYSICIAN AFFILIATE GROUP                               :
OF NEW YORK, P.C., and ALAN KANTOR, M.D.,                            :
:
                     Defendants.                                 :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Richard Heiden ("Plaintiff" or "Heiden") moves to quash subpoenas (the "Subpoenas") served by Defendants on the Brooklyn Hospital Center ("BHC") and the New York State Department of Health, Office of Professional Medical Conduct ("OPMC"). Dkt. No. 96. Fact discovery concluded on January 25, 2022, Dkt. Nos. 43, 44, except that by Court order the deadline was extended to February 4, 2022 for the limited purpose of allowing the parties to take a single deposition. Dkt. No. 46. On January 11, 2023, the Court issued its Opinion and Order on Defendants' motion for summary judgment, ruling for Defendants on Plaintiff's claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*, but denying the motion for summary judgment on Plaintiff's claims for failure to accommodate under the ADA, the NYSHRL, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and Plaintiff's claims of discrimination and retaliation under the NYCHRL. Dkt. No. 93. The joint pretrial order is due on March 27, 2023, and trial is scheduled for April 17, 2023. The Subpoenas were served on February 3, 2023.[1] They call for production of documents to Defendants on February 17, 2023, and February 28, 2023, respectively. Dkt. Nos. 96-1, 96-2. Plaintiff argues that the Subpoenas are untimely. Dkt. No. 96.

       "It is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 'as a means to engage in discovery after the discovery deadline has passed.'" *Joseph P. Carroll Ltd v. Baker*, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) (quoting *McKay v. Triborough Bridge and Tunnel Auth.*, 2007 WL 3275918, at *2 (S.D.N.Y. Nov 5,

---

[1] Plaintiff's letter states that the Subpoenas were served on February 3, 2022. Dkt. No. 96. The body of the Subpoenas, however, reflects that they are dated January 31, 2023, and must have been served on February 3, 2023. Dkt Nos. 96-1, 96-2.

2007)). At the same time, however, "[t]rial subpoenas may be issued after the close of discovery for 'trial preparation,' and . . . . to impeach [a party's] credibility." *Id*. (quoting *Revander v. Denman*, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)). "Where a party 'intends to use the documents it has requested . . . for cross-examination and impeachment only, they are properly classified as trial subpoenas.'" *Agapito v. AHDS Bagel, LLC*, 2018 WL 3216119, at *1 (S.D.N.Y. May 17, 2018) (quoting *Joseph P. Carroll Ltd.*, 2012 WL 1232957, at *2); *see Pasternak v. Dow Kim*, 2013 WL 1729564, at *3 (S.D.N.Y. Apr. 22, 2013) ("Had Pasternak merely sought Kim's testimony at the arbitration, for example, to be used only for cross-examination, and impeachment purposes at trial, then such a subpoena would be more properly characterized as a trial subpoena and, unless there were other grounds precluding its production (such as the confidentiality of arbitration proceedings . . . ), would be considered timely and appropriate.").

Defendants represent that they intend to use the requested documents only for trial preparation, "to prepare for plaintiff's cross-examination and any necessary impeachment." Dkt. No. 97 at 2. They state that "the requested documents are relevant for impeachment purposes and, if necessary, to refresh plaintiff's recollection if he testifies at trial about his employment history as an accomplished radiologist." *Id*. They thus are properly characterized as trial subpoenas. Defendants' use of the documents at trial will be limited to the purposes as stated in their letter.[2]

The motion to quash is DENIED.

SO ORDERED.

Dated: February 14, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] Defendants argue that Plaintiff lacks standing to complain about service of the Subpoenas because they do not assert privilege or a basis to quash under Federal Rule of Civil Procedure 45(d)(3). However, courts in this District routinely treat motions to quash, or alternatively to serve, a subpoena served after the close of discovery as a Rule 16 motion with respect to a scheduling order. *See Agapito, LLC*, 2018 WL 3216119, at *2 (construing opposition letter as motion to reopen discovery); *Revander*, 2004 WL 97693, at *1 ("Although a party generally does not have standing to challenge a subpoena issued to a third-party witness unless a personal privacy right or privilege is implicated, the Court, in the exercise of its discretion, may deny a subpoena request when it finds that there is no reason why the subpoena could not have been brought during the discovery period.").